# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, # M05179, | ) ) ) |
| Plaintiff, | ) ) Case No. 19−cv–23−NJR |
| vs. | ) ) |
| SIDDIQUI, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Deandre Bradley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and injunctive relief, including a temporary restraining order and/or preliminary injunction.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations of the Complaint, Plaintiff is seriously mentally ill and has been denied mental health treatment from August 21, 2018 through January 1, 2019. (Doc. 1, p. 2).

Although he identifies as a Rastafarian, in the past Plaintiff practiced Satanism. (Doc. 1, p. 3). On December 31, 2018, Plaintiff performed a satanic ritual that involved piercing his side. (Doc. 1, pp. 3-4). To that end, Plaintiff drove two paperclips into his chest, but a correctional officer stopped him before he could insert a third. (Doc. 1, p. 4). Plaintiff was taken to health care where he was able to remove one paperclip on his own, but he was unable to remove the second paperclip. (Doc. 1, p. 5). Plaintiff requested to be sent to an outside hospital so that the paperclip could be surgically removed, but Siddiqui denied his request, and Siddiqui has not removed the paperclip. (Doc. 1, p. 6). Plaintiff alleges that he is in excruciating pain. (Doc. 1, p. 7).

## Discussion

At this juncture, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Siddiqui was deliberately indifferent to Plaintiff's serious mental health needs when he refused to provide him with mental health treatment in violation of the Eighth Amendment;
>
> **Count 2:** Siddiqui was deliberately indifferent to Plaintiff's self-inflicted injury when he refused to take steps to remove a paperclip from Plaintiff's chest in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Counts 1 and 2 state colorable claims for deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). Therefore, the Court will order service on Defendant Siddiqui, and the case will proceed.

### Pending Motions

Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 2) will be set for hearing as soon as practicable by separate notice. Similarly, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 5) will be addressed by separate order.

### Disposition

**IT IS HEREBY ORDERED** that Counts 1 and 2 survive threshold review against Siddiqui.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Siddiqui: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 1/15/2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. After the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**